JACOB DUNNELL and others *v.* THE MUNICIPAL COURT OF THE CITY OF PROVIDENCE.

The remedy, in case of the neglect or refusal on the part of executors, to render an account, is a suit upon their bond, which must, under the provisions of the statute, be brought at the instance of some party interested, which means some party having an interest in the estate.

Sureties on an executors' bond have no interest in the estate which entitles them to bring suit on it upon the failure of the executors to perform its condition, and, therefore, the Supreme Court will not decide, upon their application, whether the executors, whose sureties they are, are liable to render an account to the court of probate, or whether said court ought to cite them to render their account.

APPEAL from the decree of the Municipal Court of the city of Providence exercising probate jurisdiction, dismissing the

application of the appellants for a citation to the executors of the last will and testament of Orray Taft, late of said Providence, deceased, to show cause before said court, why they had not exhibited an account relative to the estate of said testator in their hands. At the hearing of the case before the court, it appeared that the executors of the said Orray Taft gave bond, as directed by his will, only for the payment of his funeral charges, debts, and legacies, according to the provisions of section 12 of chapter 156 of the Revised Statutes, with the appellants as sureties.

*R. W. Greene and S. W. Peckham, for the appellants,* now contended that it was the duty of every executor or administrator to render an annual account to the court of probate of the estate in his hands ; husbands who are administrators on their wives' estates, and residuary legatees, only excepted ; citing Revised Statutes, Chap. 162, § 1, and Chap. 156, §§ 13 and 14.

*Thurston, Ripley & Co., contra,* contended, that where a bond had been given by executors to pay debts, legacies, and funeral expenses, no account was required ; and, further, that the appellants in the present case, being sureties thereon, the court could not grant the citation desired upon their application, which last point alone, as will be perceived, was passed upon by the court.

DURFEE, J.    We think it unnecessary to decide, whether the executors named in these reasons of appeal, are liable to render an account to the court of probate or not ; for, if they are liable to do so, we see no reason why the court of probate, unless it chooses, should cite them to render an account at the instance of the appellants.    The executors, if cited, might still neglect or refuse to render an account, and the only remedy, as given by the statute, in the case of such neglect or refusal, would be a suit upon their bond, on which the appellants are the sureties. Such a suit, under the statute, would have to be brought in the name of the court of probate, and at the instance of some party interested, which means, in our opinion, some party having an interest in the estate, and would not include the appellants. We cannot hold that the court of probate is required to issue the citation, on the application of persons who are not entitled

to avail themselves of the statutory remedy, in case the citation is disregarded.

In this case, the bond goes beyond the requirement of the statute, and contains an express condition for an account. But we do not see that this gives the appellants any better claim ; for even if the bond is, on this account, to be considered a common law bond, either *in toto*, or to the extent of that condition, the appellants, being no otherwise interested therein than as sureties on the same, would not, in our opinion, be entitled to maintain a suit upon it in the name of the court of probate.

For these reasons, therefore, and without meaning to be understood as expressing an opinion that the executors are not liable to render an account to the court of probate, or that the court of probate ought not to cite them to render an account at the instance of any person having an interest in the estate, we affirm the decree of the court below dismissing the application.

*Application dismissed.*